# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, a Labor Union; SERVICE EMPLOYEES INTERNATIONAL UNION - UNITED HEALTHCARE WORKERS WEST, a Labor Union; KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation; KAISER FOUNDATION HOSPITALS, a California Corporation; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, INC., a California Corporation; and Does 1-10, et al.,<br><br>Defendants. | CASE NO. 11cv2652-GPC-RBB<br><br>**NOTICE OF TENTATIVE RULING**<br><br>[DKT. NOS. 57, 59, 64] |

Currently pending before the Court and set for hearing on Friday, April 5, 2013, is Defendant Service Employees International Union - United Healthcare Workers West Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 57), Defendant

Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group's (collectively, "Kaiser Defendants") Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 59), and Defendant Service Employees International Union Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 64). Upon the conclusion of the hearing, the Court will take these matters under submission and issue a written order in due course. Having considered the submissions of the parties, and in anticipation of the hearing, the Court hereby tentatively rules:

The Court **GRANTS** Defendant Kaiser's motion to dismiss for failure to state a claim.

**(1) Section 1 of the Sherman Act**

Plaintiff fails to state an agreement or conspiracy under Section 1 of the Sherman Act. In order to state a claim under Section 1, claimants must plead "not just ultimate facts (such as conspiracy), but evidentiary facts which, if true, will prove: (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce among the several States, or with foreign nations; (3) which actually injures competition." Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008) (citing Les Shockley Racing Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 507 (9th Cir. 1989); Bell Atl. Corp. V. Twombly, 550 U.S. 544, 553-558 2007). Plaintiff asserts that it has alleged direct evidence to sufficiently plead the existence of an unlawful conspiracy, pointing to several instances in which Kaiser Defendants and Union Defendants met, conferred, and made agreements in furtherance of a conspiracy. Plaintiff asserts several allegations constitute "direct evidence" of the existence of a conspiracy, such as a multitude of meetings that resulted in a series of agreements from December 1995 through 2012 that acted as a "disguise [to] their unlawful objective - to achieve market domination for Kaiser and SEIU." (FAC ¶¶ 98, 113). Throughout the amended complaint, Plaintiff asserts that the Defendants "work[ed] together as step one in the formation of the

conspiracy," sought "to advance the goals of the conspiracy," and further collaborated to "harm and ultimately destroy Kaiser's competitors, including Prime," (FAC ¶¶ 89-92; 111-112; 113-123; 129-131,137, 149, 161, 163). The Court finds that these allegations do not constitute direct evidence to suggest a conspiracy in violation of Section 1. "Direct evidence in a Section 1 conspiracy must be evidence that is explicit and requires no inferences to establish the proposition or conclusion being asserted." In re Baby Food Antitrust Litig., 166 F.3d 112, 118 (3d Cir. 1999).  Merely stating that meetings, negotiations and agreements took place between the Defendants, which purportedly furthered a broad market domination conspiracy, does not constitute direct evidence.

Moreover, Plaintiffs allegations of circumstantial evidence fall short of establishing an agreement in violation of the Sherman Act.  "While a showing of parallel 'business behavior is admissible circumstantial evidence from which the fact finder may infer agreement,' it falls short of conclusively establishing agreement or...itself constituting a Sherman Act offense." Twombly, 550 at 553 (quoting Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752 (1984)). Plaintiff alleges that Defendants worked together to expand Kaiser's enrollment membership (FAC ¶¶ 151, 158, 164), wrongfully besmirched Kaiser hospital competitors (FAC ¶ 201), produced inaccurate reports and studies (FAC ¶¶ 9, 111, 142, 169), persuaded government agencies, legislative representatives, and the media to investigate and publicize Prime's conduct (FAC ¶¶ 8, 9, 111, 142, 169), proposed legislation "designed to destroy Prime's business model" (FAC ¶¶ 8, 170, 323), and other various activities that alleged exemplify a collaborative effort to conspire.  The Court finds that these allegations, as asserted in the amended complaint, constitute either independent action by Defendant Kaiser and Union Defendants or parallel business conduct insufficient to suggest an agreed upon activity.  Accordingly, the Court dismisses the first amended complaint on Plaintiff's failure to state a claim under Section 1 of the Sherman Act.

**(2) Noerr-Pennington**

The Court further finds that the allegations against Union Defendants fall under the protection of the *Noerr-Pennington* doctrine, which exempts petitioning activity from antitrust statutory liability unless the activity is a "mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor and the application of the Sherman Act would be justified." E. R. R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 144 (1961); see also United Mine Workers v. Pennington, 381 U.S. 657, 670 (1965). Here, Plaintiff asserts that it has sufficiently alleged evidence that Defendants "direct lobbying" constitute a sham. Plaintiff alleges that Union Defendants used false and misleading studies that intentionally omitted Kaiser, which led to various federal and state agencies to investigate Prime for having high rates of septicemia. (FAC ¶¶272-273). Plaintiff also alleges that Union Defendants lobbied to pass particular senate bills for the purpose of inhibiting Prime's growth and success, and causing a drain on Plaintiff's resources. (FAC ¶¶ 291-292, 294, 312-20). These two allegations, however, appear to exemplify that Defendants attempted to influence the policies of either the agencies or the legislature - activity intended to be protected under the *Noerr-Pennington* doctrine. These allegations are further distinguishable from the Fifth Circuit's decision in Woods Exploration & Producing Co. v. Aluminum Co. of Am., where the Court found *Noerr-Pennington* inapplicable to the alleged filing of false nominations by defendants because the conduct was not action designed to influence policy." 438 F.2d 1286, 1298 (5th Cir. 1971). As such, and as previously held by Judge Sammartino in dismissing the original complaint (Dkt. No. 43), Plaintiff has failed to sufficiently allege it is entitled to the "sham exception" of the lobbying rule to the *Noerr-Pennington* doctrine.

Counsel are advised that the Court's rulings are tentative, and the Court will entertain additional argument during the April 5th hearing. Counsel shall also be

1  prepared to discuss whether the Court should dismiss with or without leave to
2  amend.
3       **IT IS SO ORDERED.**
4
5  DATED: April 4, 2013
6
7       HON. GONZALO P. CURIEL
        United States District Judge