1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PRIME HEALTHCARE SERVICES,                    CASE NO. 11cv2652-GPC(RBB)
     INC., a Delaware corporation,
12                                                 **ORDER GRANTING
                                    Plaintiff,     DEFENDANTS' 41(b) MOTION
13                                                 TO DISMISS**

14   vs.                                           [Dkt. No. 88]

15   SERVICE EMPLOYEES
16   INTERNATIONAL UNION, a Labor
     Union; et al.,
17                                   Defendants.

18          Presently before the Court is a Federal Rules of Civil Procedure 41(b) motion

19   to dismiss filed by Defendants Service Employees International Union ("SEIU")

20   and Service Employees International Union - United Healthcare Workers West

21   ("SEIU-UHW"). (Dkt. No. 88.) For the reasons provided below, this Court

22   GRANTS Defendants' 41(b) motion and DISMISSES WITH PREJUDICE

23   Plaintiff's First Amended Complaint ("FAC").

24                                    BACKGROUND

25          On September 21, 2012, Plaintiff filed a FAC in the present action. (Dkt. No.

26   43.) Defendants SEIU and SEIU-UHW (collectively, "Defendants") filed separate

27

28

motions to dismiss Plaintiff's FAC.[1] (Dkt. Nos. 43, 57.) On July 25, 2013, this Court granted both motions to dismiss, allowing Plaintiff leave to amend the FAC. (Dkt. No. 87 at 30.) ("If Prime Healthcare wishes, it **SHALL FILE** an amended complaint within thirty days of the date this Order is electronically docketed. Failure to file an amended complaint by this date may result in dismissal with prejudice.") (emphasis in original). To date, Plaintiff has not filed a second amended complaint. On November 1, 2013, Defendants filed a motion to dismiss this action for lack of prosecution under Rule 41(b). (Dkt. No. 88.) Plaintiff filed a notice of intent to appeal on November 4, 2013. (Dkt. No. 89) Defendants' motion has been fully briefed. (Dkt. Nos. 93, 94.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action or claim "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citations omitted). In determining whether to dismiss a case for failure to comply with a court order, the district court weighs five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citations and internal quotation marks omitted). In addition, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," which creates a presumption that the defendants have been injured. Henderson, 779 F.2d at 1423.

---

[1] A third motion to dismiss was filed by Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group. (Dkt. No. 59.) These Defendants do not join the present motion.

Unlike dismissals under Rule 41(b), a Rule 12(b)(6) dismissal for failure to state a claim carries no stigma for disobedience of a court order. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004). Furthermore, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") reviews Rule 41(b) dismissals for "abuse of discretion in applying the five factors set forth in Ferdik, 963 F.2d at 1260, which pertain to the propriety of the sanction, not to the merits of the underlying question (such as whether a complaint states a claim)." Id. (citing Yourish v. California Amplifier, 191 F.3d 983, 986). On the other hand, the Ninth Circuit reviews 12(b)(6) dismissals "de novo, reviewing directly the question whether the plaintiff has stated a claim upon which relief could be granted." Id. (citing Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir. 1995)).

ANALYSIS

Defendants file the present motion under Federal Rule of Civil Procedure 41(b), seeking involuntary dismissal of Plaintiff's FAC with prejudice. (Dkt. No. 88-1.) Defendants argue Plaintiff's failure to either amend or indicate intent to appeal prior to the Court's ordered deadline warrants Rule 41(b) sanctions. (Id. at 1-2.) In response, Plaintiff claims Rule 41(b) sanctions are appropriate only in "cases where there is a true failure to prosecute," and that Plaintiff's settlement attempts and notice to opposing counsel of intent to appeal excuse any delay. (Dkt. No. 93 at 1-2.) Plaintiff requests instead that this Court enter a final judgment in this case without Rule 41(b) sanctions. (Id. at 1, 3.) Defendants reply that neither Plaintiff's settlement attempts nor flawed communications with opposing counsel excuse Plaintiff's failure to either file a second amended complaint or notify the Court of intent to stand on the FAC. (Dkt. No. 94.)

As an initial matter, the Court notes that Plaintiff must obtain a final judgment from this Court prior to filing a notice of appeal. WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("We now specifically rule

that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained."). The United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") has expressly rejected the contrary holdings of other circuits. Id. at 1136 (disapproving of Otis v. City of Chicago, 29 F.3d 1159, 1166-68 (7th Cir. 1994) (en banc) ("finality springs into existence when the time for leave to amend expires.")). Absent notice of a plaintiff's intent not to amend a complaint when given leave to by the Court, "resources continue to be consumed by a case sitting idly on the court's docket." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-65 (9th Cir. 2004).

Weighing the five factors from Ferdik v. Bonzelet, 963 F.2d 1258, the Court concludes that Plaintiff's delay and failure to move the Court for final judgment warrants Rule 41(b) sanction. In particular, the first three Ferdik factors weigh heavily in favor of Rule 41(b) dismissal. See Yourish, 191 F.3d at 990 (1999) (approving of the district court's grant of Rule 41(b) involuntary dismissal where three out of five Ferdik factors favored dismissal). Involuntary dismissal serves the public's interest in expeditious resolution of the litigation as well as the Court's need to manage its docket because Plaintiff's noncompliance with the Court's deadline has caused this case to languish on the Court's docket for over two months. By failing to timely move the Court for final judgment in this matter, Plaintiff has effectively tolled the allowed period to prepare an appeal. See Jung v. K. & D. Min. Co., 356 U.S. 3355 (1958) (Permitting appeal nearly two years after petitioners were given leave to file an amended complaint because neither the defendants nor the district court acting sua sponte sought to dismiss the action with prejudice after petitioners missed the amendment deadline).

Furthermore, this delay has prejudiced the Defendant. See Yourish, 191 F.3d at 991 ("We have indicated that the risk of prejudice to the defendant is related to

the plaintiff's reason for defaulting in failing to timely amend.") (citing <u>Malone v.</u>

<u>U.S. Postal Service</u>, 833 F.2d 128, 131 (9th Cir. 1987)). To explain the delay,

Plaintiff offers evidence of ongoing settlement negotiations as well as

communication to opposing counsel of intent to stand on the FAC. (Dkt. No. 93 at

1-2.) Neither reason explains Plaintiff's failure to communicate Plaintiff's intentions

to this Court by formal notice or motion for extension of time. Because

unreasonable plaintiff delay creates a presumption of injury to defendants,

<u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>see also</u> <u>Yourish</u>, 191

F.3d at 991-92, the Court finds that the third <u>Ferdik</u> factor also favors Rule 41(b)

dismissal.

   The fourth <u>Ferdik</u> factor asks the Court to weigh the public policy favoring

disposition of cases on their merits.  <u>Ferdik</u>, 963 F.2d at 1261. Public policy in this

case does not favor dismissal under either Rule 41(b) or Rule 12(b)(6),[2] since both

Plaintiff and Defendant seek dismissal of the FAC with prejudice. (Dkt. Nos. 88,

93.)

   Last under the <u>Ferdik</u> analysis, the Court considers Plaintiff's request that this

Court enter final judgment in this matter, dismissing the FAC with prejudice but

without Rule 41(b) sanction. (Dkt. No. 93 at 1.) Although Plaintiff proposes a "less

drastic alternative," the Court concludes that the other <u>Ferdik</u> factors outweigh the

---

[2]The Court notes that the Ninth Circuit in <u>Edwards v. Marin Park, Inc.</u> indicated that a complaint dismissed under Rule 41(b) would not be reviewed on the merits on appeal. 356 F.3d 1058, 1065 (9th Cir. 2004) ("conversion of a 12(b)(6) dismissal into one under Rule 41(b) . . . would . . . unjustly deny plaintiffs . . . who exercise the right to stand on a complaint their right to an appeal on the merits of the question whether the complaint is adequate as a matter of law."). If this is the case, the public policy favoring adjudication on the merits favors this Court's dismissal of the above-captioned matter under Rule 12(b)(6) instead of Rule 41(b). However, the Ninth Circuit in other cases has reviewed the merits of an underlying dismissal where the dismissal was converted to a Rule 41(b) dismissal for failure to timely amend the complaint or notify the Court of intent to appeal. <u>See</u> <u>Yourish v. California Amplifier</u>, 191 F.3d 983 (1999) (holding that the district court did not abuse its discretion in dismissing Plaintiff's case under Rule 41(b) but nonetheless reviewing the underlying Rule 9(b) dismissal on the merits). The Court finds that even if the public policy favoring adjudication on the merits weighs in favor of dismissal under Rule 12(b)(6) rather than under Rule 41(b), the first three <u>Ferdik</u> factors outweigh this general public policy. <u>See</u> <u>Id.</u>

availability of this proposed alternative. See Yourish, 191 F.3d at 990.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss, (Dkt. No. 88), and **DISMISSES WITH PREJUDICE** Plaintiff's action in its entirety under Federal Rule of Civil Procedure 41(b) as to all Defendants. The Clerk of Court shall enter judgment accordingly.

Having so held, the Court hereby **VACATES** the hearing date set for this matter on December 13, 2013 at 1:30 p.m.

**IT IS SO ORDERED.**

DATED:  December 11, 2013

HON. GONZALO P. CURIEL
United States District Judge

[11cv2652-GPC(RBB)]